IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| NATHAN SIMMONS, | ) | |
|---|---|---|
| Appellant, | ) | |
| v. | ) | No. 06-3012 |
| U.S. DEPARTMENT OF EDUCATION et al., | ) | |
| Appellees. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on pro se Appellant Nathan Simmons' appeal of a Bankruptcy Court's Decision denying Simmons' request to discharge his student loans based on undue hardship under 11 U.S.C. § 523(a)(8)(B). For the reasons set forth below, the Bankruptcy Court's Decision is affirmed.

BACKGROUND

The following are factual findings of the Bankruptcy Court which are not at issue in this appeal. From 1990 through 1999, Appellant Simmons attended various educational institutions of higher learning, but eventually

1

received his bachelor's degree from the University of Illinois at Springfield. During that period, Simmons financed his education through student loans. At the time of Simmons' bankruptcy trial, Simmons' principal balance of student loans was approximately $53,000.00. Simmons works for the Illinois Department of Human Services as a case worker. Simmons' annual salary is approximately $41,000.00. His two-week pay check is $1,729.00 in gross pay, with $556.41 in deductions for taxes, insurance, etc., and $436.10 in child support payments. Simmons' monthly net expenses of $1,788.00 exceed his monthly net income of $1,582.93.

Simmons has fathered 10 children, ranging in age from 14 to 2 years.[1] Simmons has custody of two of his 10 children, and it appears that Simmons provides the sole support for these two children. Simmons also provides financial support for six of the other children that are not in his custody. Every two weeks, Simmons pays court-ordered child support in the amount of $436.10 for the support of four of the children not in his custody. Additionally, every month, Simmons voluntarily gives $274.00 to the mother of two of the other children for day care expenses. For the

---

[1] The factual findings of the Bankruptcy Court do not state Simmons' age, although the bankruptcy judge described him as a "young man." Bankruptcy Court Opinion, p. 9.

remaining two children, Simmons currently pays no child support, but he believes that in the near future he will be obligated to pay support for them.

During the period from December 2003 through August 2004, Simmons voluntarily made six payments on his student loans, all of which totaled $449.00. As a result of the interception of an income tax refund, Simmons made an additional payment of $9,000.00 on his student loans. Sometime in early 2005, the U.S. Department of Education served Simmons with a garnishment notice. In response, Simmons filed an appeal based on his financial status. The garnishment was cancelled; however it might be reinstated if Simmons fails to make appropriate payment arrangements in the future.

Simmons and two other witnesses testified at trial. Simmons' co-worker Francis Smith testified that she has known Simmons for about five years and that, over a couple of years, she noticed that Simmons had become depressed and was anxious about his financial situation. Mike Kuzola also testified; Kuzola testified that he initially came to know Simmons because his son and Simmons attended the same high school and wrestled on the same team. Kuzola testified that he works for Heritage Behavior Health Services and has a bachelor's and master's degree in

counseling. Kuzola testified that he became reacquainted with Simmons when his employer assigned him to work at the Illinois Department of Human Services. Kuzola testified that for the last several years, Simmons met with Kuzola two or three times a week for counseling and to discuss Simmons' problems. Kuzola testified that based upon his observation, he believed that Simmons was stressed and depressed about his financial situation.

On December 13, 2005, the Bankruptcy Court issued an Opinion finding that Simmons had failed to establish the requirements of undue hardship, and thus it denied Simmons' request to discharge his student loan obligation. On January 1, 2006, Simmons filed a timely Notice of Appeal with this Court.

## STANDARD OF REVIEW

This Court has jurisdiction to review decisions of the Bankruptcy Court pursuant to 28 U.S.C. § 158. The standard of review applied in reviewing factual findings of the Bankruptcy Court is the clearly erroneous standard. Educational Credit Management Corp. v. Durrani, 320 B.R. 357, 359 (N.D. Ill. 2005) (citing Matter of A-1 Paving and Contracting, Inc., 116 F.3d 242, 243 (7th Cir. 1997)); In re Tirch, 409 F.3d 677, 680 (6th Cir.

4

2005). The standard of review used in reviewing legal conclusions of the Bankruptcy Court is the <u>de novo</u> standard. <u>Id.</u> In the present case, Appellant Simmons only challenges the legal conclusions of the Bankruptcy Court; therefore, the Court applies the <u>de novo</u> standard of review.

## ANALYSIS

To prevail on his claim that his student loans should be discharged on the grounds of undue hardship, Simmons must show that he has satisfied the following elements of the undue hardship test developed in <u>Brunner v. New York State Higher Educ. Serv. Corp</u>: "(1) that he cannot maintain, based on current income and expenses, a minimal standard of living for himself and his dependents if forced to repay the loans; (2) that additional circumstances exist indicating that the state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans." <u>Goulet v. Educational Credit Management Corp.</u>, 284 F.3d 773, 777 (7th Cir. 2002) (citing <u>Matter of Roberson</u>, 999 F.2d 1132, 1135 (7th Cir. 1993)); <u>Brunner</u>, 831 F.2d 395, 396 (2nd Cir. 1987).

Simmons argues that the Bankruptcy Court erred in finding that he did not meet the second prong of the "undue hardship" test. In support of

his appeal, Simmons has filed a one-page brief in which he simply lists several cases without providing any elaboration on how those cases are applicable to his case. After reviewing these cases, as well as the record of the proceedings in the Bankruptcy Court, the Court finds that the Bankruptcy Court did not commit error in concluding that Simmons failed to meet the second prong of the "undue hardship" test.

The Bankruptcy Court found that Simmons met the first and the third prongs of the Brunner test. Simmons filed the instant appeal with respect to the second prong. As such, the only issue on appeal is whether Simmons has met the second prong of the Brunner analysis. To satisfy that prong Simmons must show that dire circumstances exist, and are likely to persist, such that repayment of his loans would cause undue hardship. "[E]vidence 'of additional, exceptional circumstances [(such as psychiatric problems, lack of job skills, and lack of education)], strongly suggestive of continuing inability to repay over an extended period of time . . .'" is required to prove the second prong. Goulet, 284 F.3d at 778 (citing Matter of Roberson, 999 F.2d at 1136). In other words, Simmons must demonstrate a "certainty of hopelessness, not simply a present inability to fulfill financial commitment." Matter of Roberson, 999 F.2d at 1136

(quoting In re Briscoe, 16 B.R. 128, 131 (Bankr. S.D.N.Y. 1981) (internal citations omitted). Courts have found that old age and severe medical conditions qualify as additional circumstances. Durrani, 320 B.R. at 361; In re Oyler, 397 F.3d 382, 386 (6th Cir. 2005). "The existence of a large number of dependents" may also qualify as exceptional circumstances. Id. (citing In re Kraft, 161 B.R. 82, 84 (Bankr. W.D.N.Y. 1993)). All such circumstances "must be beyond the debtor's control, not borne of free choice." Id. (citing In re Fischer, 23 B.R. 432, 434 (Bankr. W.D.Ky. 1982)).

The Bankruptcy Court found that Simmons failed to demonstrate that additional and exceptional circumstances exist which are likely to persist during the period of repayment. The Bankruptcy Court initially noted that no evidence was presented at trial regarding the repayment period remaining on Simmons' student loans. The Bankruptcy Court thus assumed that the payment period had not run since Simmons had completed his education within the past six years. Based on Simmons' representation at trial, the Bankruptcy Court stated that Simmons appeared to be bright, intelligent, and hard working. The Bankruptcy Court noted that the underlying cause of Simmons' financial problem was the number

of children he supported (8 of 10).

While recognizing that it is difficult for someone who earns twice as much as Simmons to raise the same number of children, the Bankruptcy Court noted that Simmons' financial support of the children is not likely to continue indefinitely. This is because Simmons' financial obligation to the oldest child will end in four years, as he or she turns 18, and because the mothers of the children are also partly responsible for supporting the children. The Bankruptcy Court thus concluded that Simmons failed to meet his burden on the second prong of the undue hardship test. Rather than denying Simmons' request to discharge his student loans, the Bankruptcy Court granted Simmons a four-year deferral of repayment. Moreover, in light of Simmons' current inability to make payment on his student loan debt, the Bankruptcy Court also granted Simmons leave to petition the Court after the end of the deferment period if he is in need of further relief.

After having reviewed the record, this Court finds that the Bankruptcy Court's legal conclusions are not in error. This is not a case where the debtor's inability to pay his student loans is the result of his old age or lack of job skills. Nor is this a case where the debtor's current

financial condition is due to his severely limited education or his serious medical condition. This is a case where the debtor's current financial circumstances are the result of the debtor having fathered 10 children. Simmons has a college degree and a good, stable job. Although the witnesses at trial testified that Simmons appeared to be depressed, stressed, and anxious due to his financial condition, the evidence does not demonstrate that Simmons' depression or anxiety is so severe as to rise to the level of an exceptional circumstance.[2]

Moreover, Simmons' financial condition is likely to improve in the future; as his children get older and reach the age of majority, the amount of child support Simmons has to pay will accordingly diminish. As the Bankruptcy Court noted, Simmons' oldest child is 14, and in four years Simmons' support obligation for that child will end. Also, the mothers of the children are partly responsible for supporting the children. While the Court understands that providing financial support for 10 children is difficult, that fact alone is not enough to meet the high burden of satisfying

---

[2]The Court notes that Simmons has not put forth evidence regarding the severity of his mental condition. Nor has he provided any competent medical evidence substantiating his claims about his medical condition. The only evidence regarding Simmons' mental condition is the testimony of two witnesses at the bankruptcy trial. Their testimony was not enough to show that Simmons suffers from a serious medical condition that substantially limits his ability to work.

the second prong. Indeed, nothing in the record reveals a "certainty of hopelessness."

As noted <u>supra</u>, Simmons lists cases in his brief in support of his position, but provides no explanation as to why these cases are applicable to the instant case. Simmons' reliance on these cases is misplaced, however. Simmons cites <u>In re Troutman</u> in which the bankruptcy court held that the debtor carried his burden on the second prong of the <u>Brunner</u> test because: (1) the debtor's only source of income was $115 in general assistance benefits, although his expenses were modest, and (2) the debtor had a bachelor's and master's degree but his on-going psychological illness was preventing him from obtaining a steady job.[3] <u>Troutman</u>, 2001 WL 34076415, at *4 (Bankr. S.D. Ohio 2001). Unlike the debtor in <u>Troutman</u>, Simmons has a good job and also does not appear to suffer from a serious medical condition that severely limits his ability to maintain a job.

Simmons also cites <u>In re Ford</u>, 269 B.R. 673 (8th Cir. BAP 2001). <u>Ford</u> is not applicable to the present case. The court in <u>Ford</u> found that the debtor adequately demonstrated an existence of additional circumstances.

---

[3]The debtor in <u>Troutman</u>, unlike Simmons, also provided competent medical evidence of his illness from his treating physician.

The debtor was 62 years old, suffering from an arthritic condition, likely to worsen with the passage of time, that limited her ability to work. Id. at 677. In the present case, however, it appears that Simmons is relatively young and does not suffer from a serious medical condition that precludes his ability to maintain a job. Ford, therefore, is not applicable.

THEREFORE, the Decision of the Bankruptcy Court is AFFIRMED. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: August 31, 2006.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE